UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MAIGA HRALIMA, | ) | |
| Plaintiff, | ) | 3:11-cv-00553-ECR-WGC |
| vs. | ) | |
| | ) | **ORDER** |
| JEROME POLAHA, | ) | |
| Defendants. | ) | |

Maiga Hralima, a prisoner at the Northern Nevada Correctional Center, has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#2-1). The complaint is subject to the provisions of the Prisoner Litigation Reform Act as discussed below.

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901

F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic

recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    The Complaint

Plaintiff's complaint claims he was arrested, charged, and convicted on the basis of "colossal legal mistakes" made by various officers of the court who colluded to knowingly and improperly act "without the authority or jurisdiction required." Plaintiff alleges that the wrongs, which occurred in 2002 and 2003, were caused when defendants Nevada District Judge Polaha, Deputy District Attorney Dan Greco, and defense counsel Jerome Wright, violated his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments causing him emotional distress, loss of consortium, financial losses, and mental health injuries. Finally, "[t]he persuasive evidence necessary to support these allegations went undiscovered by the plaintiff until August of 2010."[1] The specifics of the complaint follow:

Count I

Plaintiff alleges that on or about July 11, 2002, defendants Greco and Wright colluded to deprive him of his right to due process when they conspired together to deny him the necessary grand jury indictment or arraignment before a justice of the peace before committing him to face criminal charges.

Plaintiff asserts that he was held in the Washoe County Detention Facility's medical

---

[1] Plaintiff offers no explanation as to how the persuasive evidence came to light or why it was not available before.

3

housing unit in mental health segregation, being "treated unlawfully with anti-psychotic drugs" for at least 57 days following his arrest until defendant Wright, without proper authority from plaintiff and "with the knowledge that he had not been lawfully appointed to represent the plaintiff as his attorney or record," waived plaintiff's preliminary hearing rights.  Thereafter, defendant Greco filed an Information against plaintiff in the district court, charging him with attempted murder and battery with a deadly weapon.

### Count II

Plaintiff claims defendant Second District Court Judge Jerome Polaha, as the presiding judge, failed to prevent the unlawful acts alleged in count one and proceeded to arraign plaintiff on the charges asserted in the Information without proper authority or jurisdiction.

### Count III

Plaintiff complains the three defendants conspired to obtain a psychiatric commitment for purposes of determining plaintiff's competency to stand trial and then misrepresented the facts to another district judge, obtaining a trial date and improperly enhancing the charge of attempted murder to include an allegation of use of a deadly weapon.  Plaintiff avers he then signed a guilty plea memorandum to the charge of attempted murder with the use of a deadly weapon which was unsupported by any "evidence in the record" and without having the proper competency hearing.  Plaintiff seeks compensatory and punitive damages and injunctive relief.

**III.   Discussion**

Plaintiff's complaint is fatally flawed.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Plaintiff, who remains incarcerated, makes no showing that his conviction or sentence have been rescinded or declared invalid. Moreover, the court takes judicial notice of plaintiff's previously filed petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and notes that they were unsuccessful.[2] Thus, plaintiff cannot obtain relief from the Court on the claims presented here.

Additionally, the defendants named in the complaint are entitled to immunity for the actions complained of. Judge Polaha and Deputy District Attorney Dan Greco are entitled to immunity based upon the nature of the functions they perform. *Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993); *Fry v. Melaragno,* 939 F.2d 832, 836 (9th Cir. 1991); *see also Tower v. Glover,* 467 U.S. 914, 920 (1984); *Procunier v. Navarette,* 434 U.S. 555, 561 (1978). Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Prosecutors are immune when they are acting pursuant to their official role as advocate for the State performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachman,* 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher,* 522 U.S. 118, 124-26 (1997). Actions such as seeking an indictment, dismissing charges, deciding whether and when to prosecute and preparing a case are considered part of the judicial phase of the criminal process. *See Hartnam v. Moore,* 547 U.S. 250, 261 (2006); *Imbler* 424 U.S. at 431 n.33; *KRL v. Moore,* 382 F.3d 1105, 1112-13 (9th Cir. 2004). Prosecutorial immunity does not extend to those actions of a prosecutor which are "administrative"

---

[2] *See* Hralima v. Helling, 3:06-cv-0303-LRH-RAM; Hralima v. Benedetti, 3:08-cv-0214-ECR-RAM, dismissed May 13, 2009, as untimely; Hralima v. Benedetti, 3:08-cv-0287-ECR-RAM, dismissed to pursue 3:08-cv-0214-ECR-RAM; Hralima v. Benedetti, 3:09-cv-0722-RCJ-RAM dismissed March 9, 2010, as successive, certificate of appealability denied by Ninth Circuit.
    The Court further notes that plaintiff has made previous attempts to bring these or similar claims against these defendants and he was advised that such actions are not viable under § 1983. See e.g. Hralima v. Wright, 3:09-cv-708-ECR-RAM.

1  or "investigative" in nature, however. *See Hartman, v. Moore,* 547 U.S. at 261-62 n.8; *Buckley v.*
2  *Fitzsimmons,* 509 U.S. 259, 271-73 (1993).  Plaintiffs claims all relate to judicial rather than
3  administrative actions of Deputy District Attorney Greco.
4         Defendant Wright, a court-appointed defense counsel, would not be acting under
5  color of state law for purposes of a § 1983 action in his role as an advocate for plaintiff.  *See Georgia*
6  *v. McCollum,* 505 U.S. 42, 53 (1992); *Polk County v. Dodson,* 454 U.S. 312, 321 (1981) (public
7  defenders not acting under color of state law because their conduct as legal advocates controlled by
8  professional standards independent of the administrative directions of a supervisor.)  Thus, it is quite
9  likely, even if plaintiff could show that his conviction and sentence had been overturned on appeal or
10 in post-conviction proceedings, he would be unable to hold these defendants to answer his claims.
11        Finally, the events which give rise to the claims occurred in 2002 and 2003. The
12 statute of limitations for section 1983 actions brought in Nevada is two years. NRS 11.190(4)(e);
13 *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.), *cert. denied*, 493 U.S. 860 (1989).  Plaintiff's attempt
14 to overcome this limitation period by baldly claiming he only recently discovered persuasive
15 evidence to support that allegations is ineffective. *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758,
16 760 (9th Cir. 1991) (A federal claim accrues when the plaintiff knows or has reason to know of the
17 injury which is the basis of the action.)  Here, plaintiff knew of the acts of which he complains in
18 2002 and 2003.  His claims expired in 2005 at the latest.  This complaint is barred by the statute of
19 limitations.
20        This complaint shall be dismissed for failing to state a claim upon which relief may
21 be granted.  The Court finds that plaintiff has, on at least two previous occasions, had matters
22 dismissed because they fail to state a claim.  *See See* e.g. Hralima v. Wright, 3:09-cv-708-ECR-RAM
23 and 3:04-cv-0523-LRH-RAM. Pursuant to 28 U.S.C. § 1915(g), the Court advises plaintiff that in
24 any future civil actions he may bring, he will not be permitted to proceed in *forma pauperis* and will
25 be required to pay the full filing fee unless he can show that he is in imminent danger of serious
26 physical injury.

1  **IT IS THEREFORE ORDERED** that the Clerk shall detach and file the complaint (ECF No. 1-1) which is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that this action constitutes plaintiff's third "strikes" under 28 U.S.C. § 1915(g), making him ineligible for in *forma pauperis* status in future civil actions.

**IT IS FURTHER ORDERED** that any appeal of this decision would not be taken in good faith.

The Clerk shall enter judgement accordingly.

Dated this 4th day of October, 2011.

*Edward C. Reed.*
_____
UNITED STATES DISTRICT JUDGE