**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MAIGA HRALIMA, )
)
    Plaintiff, ) 3:11-cv-00553-ECF-WGC
)
vs. )
) **ORDER**
JEROME POLAHA, )
)
    Defendants. )
_____/

On October 5, 2011, the court dismissed with prejudice this *pro se* civil rights action (docket #8). Judgment was entered on the same day (docket #9). Before the court is plaintiff's motion to reconsider (docket #10).

With respect to plaintiff's motion to reconsider the order, where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

> discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Further, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order of October 5, 2011, the court dismissed the complaint, which attacked the validity of plaintiff's conviction and named various defendants who would be immune from liability as officers of the court (docket #7). In his motion for reconsideration, plaintiff reiterates his contentions regarding the court's lack of jurisdiction to convict him. Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing the action should be reversed. Accordingly, his motion to vacate order is denied. As previously explained, plaintiff's proper avenue for relief on the facts alleged lies initially in a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).

/ / /

/ / /

/ / /

/ / /

1       **IT IS THEREFORE ORDERED** that plaintiff's motion to reconsider the order of
2 dismissal (docket #10) is **DENIED.**

4       Dated this 18th day of October, 2011.

                                                    */s/ Edward C. Reed*
                                         UNITED STATES DISTRICT JUDGE